Suzanne **BENOIT**, Kathleen S. Lucas, Beverly Thomas, Peter Weng, Nicole Gregoire, Kathy Franks, Barbara Zech, Herminia M. Murphy, Robert Greenhill, Walter Lesbirel, Richard Karp, Timothy Wolliston, and Lynne Freeman, on behalf of themselves and others similarly situated, Plaintiffs,

v.

**OCWEN FINANCIAL CORPORATION, INC.,** Berkley Federal Bank & Trust, FSB, William Erbey, John Erbey, David Dean, Steven Jacobson, Paul Appolonia, Alan Gainsborg, Barry Wish, and Tom McCarthy, Defendants.

No. 94–8328–Civil.

United States District Court, S.D. Florida.

Feb. 6, 1997.

Mary Alice Gwynn, Saylor & Gwynn, West Palm Beach, FL, for Plaintiffs.

Elizabeth J. Dufresne, Patricia M. Kennedy, Steel, Hector & Davis, Miami, FL, for Defendants.

### ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT

HIGHSMITH, District Judge.

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Third Amended Complaint, filed October 31, 1996. For the reasons set forth below, the Court grants the defendants' motion to dismiss.

### BACKGROUND

This action was filed on June 10, 1994, and the Complaint was voluntarily amended on February 8, 1995. By Order dated July 6, 1995, the Court dismissed it for failure to comply with Rule 10 of the Federal Rules of Civil Procedure ("Rule 10"), finding the Amended Complaint confusing and difficult to apply to the specific party plaintiffs. Despite tile clear direction afforded the plaintiffs in the Court's Order, the Second Amended Complaint contained even more egregious procedural and substantive defects than the previous complaint. The Court dismissed the Second Amended Complaint in its entirety by Order entered September 27, 1996, finding it no less confusing than its predecessor. In that Order, the Court warned plaintiffs that they had "one final opportunity" to file a complaint that complied with the rulings of the Court and with the Federal Rules of Civil Procedure or risk dismissal with prejudice.

Plaintiffs filed their Third Amended Complaint on October 15, 1996. Defendants responded with the present motion to dismiss. For the reasons set forth below, the Court dismisses the Third Amended Complaint

with prejudice, in accordance with its September 27, 1996, Order.

## DISCUSSION

### 1. Procedural Flaws

#### a. Failure to Comply with Rule 8

■ Upon a complete review of the record, the Court finds that the Third Amended Complaint, like the three failed attempts before it, is confusing and fails to comport with the basic pleading requirements of the Federal Rules of Civil Procedure. The Third Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"). To state a claim, Rule 8(a) requires, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." The court must "take the material allegations of the complaint and its incorporated exhibits as true, and liberally construe the complaint in favor of the Plaintiff." *Burch v. Apalachee Community Mental Health Services, Inc.*, 840 F.2d 797, 798 (11th Cir.1988) (citation omitted), *aff'd*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). Within the context of a claim under Title VII and/or 42 U.S.C. § 1981, a pleading must contain more than mere conclusory allegations of race, gender, and age discrimination. *Cummings v. Palm Beach County*, 642 F.Supp. 248, 249 (S.D.Fla.1986).

In this case, however, the complaint is rife with broad, vague, and conclusory statements that a "pattern and practice" of discrimination exists and that, therefore, the plaintiffs have been injured. In particular, the Third Amended Complaint fails to allege how any particular plaintiff's claim fits within the subjectively presented conclusions. This flaw is consistent throughout the complaint. As a result, there is little or no basis on which to determine if the plaintiffs (or any plaintiff) have stated a claim. More is required than the plaintiffs' general, "across the board" assertion that defendants have a pattern and practice of discrimination and that, therefore, every plaintiff has a claim for relief, regardless of his or her particular circumstances or experience. "The complaint must set forth

enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist." *Campbell v. Laurel*, 1990 WL 605642 (W.D.Mich.1990). This is particularly true in the context of a Rule 23 class action,[1] where the Supreme Court has unambiguously forbidden such "across the board" pleading. *See General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)(there is a wide gap between individual claims and otherwise unsupported allegations that the company has a policy of discrimination); *see also Stanley v. Continental Oil Co.*, 536 F.2d 914 (10th Cir.1976) (case dismissed with prejudice where Title VII and 42 U.S.C. § 1981 plaintiff alleged, after multiple amendments, only that the defendant had failed to hire him for racially discriminatory reasons with no other details or factual allegations to support the claim).

#### b. Failure to Comply with Rule 10

■ The plaintiffs' complaint, as amended for the third time, fails to comply with Rule 10 which, in pertinent part, states that "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." For example, the allegations contained in Count II are so confusing, conclusory, and vague that this is difficult, if not impossible, to determine what claims the plaintiffs are attempting to plead. The few factual allegations set out in Count II suggest that at least three separate and distinct claims are commingled in a single count, *i.e.*, that women were discriminated against in the terms and conditions of their employment solely on the basis of their gender; that women were sexually harassed; and that women were exposed to a sexually hostile environment.

The elements of a claim for gender based sex discrimination are different from those necessary for *quid pro quo* sexual harassment. Likewise, the elements of a claim for hostile work environment sexual harassment

---

1. Plaintiffs plead each count as if it were a Rule 23 class action. As discussed in part 1.c., this is

inappropriate with respect to Counts I and IV.

are different from the elements of the former two claims. Thus, different and distinct pleading and proof are required to sustain these different types of claims. Moreover, the defenses to each type of claim are different. If the plaintiffs are attempting to plead *one* of the three claims suggested, Rule 8 requires that they do so in a manner sufficient to put the defendants on notice of what is being pled. If, on the other hand, the plaintiffs seek to assert *three* different types of claims in Count II, they are improperly commingled in violation of Rule 10. In either instance, it is exceedingly difficult, if not impossible, for defendants to frame a responsive pleading.

Count III, likewise, is so confusing that it is impossible to determine whether plaintiffs are alleging discrimination based upon race or a combination of race and national origin under Title VII and 42 U.S.C. § 1981. Regardless of plaintiffs' intentions, on their fourth attempt, their pleading is still so convoluted that it does not provide defendants with an understanding of what is being claimed or against what they must defend. As noted above, if plaintiffs seek relief under multiple statutes and on multiple bases, Rule 10 requires them to set forth their claims separately under each statute. *See Fed. R.Civ.P.* 10(b); *Dublin Distr., Inc. v. Edward & John Burke, Ltd.,* 109 F.Supp. 125 (S.D.N.Y.1952) (plaintiff should set forth claims under different statutes in separate counts). Accordingly, the Court finds that the Third Amended Complaint is as confusing as its three predecessors and continues to present the defendants with the exceptionally difficult task of formulating a response.

### c. The Third Amended Complaint Improperly Incorporates Allegations into All Counts

Plaintiffs improperly incorporate allegations into counts that have no relevance to the claims raised in those counts. For example, in paragraph ten, the plaintiffs allege that "this action is brought by the plaintiffs as a class action, ... under the Federal Rules of Civil Procedure, Rule 23...." *See* Third Amended Complaint ¶ 10.

In Count I for age discrimination, pursuant to the Age Discrimination in Employment Act ("ADEA"), and Count IV for overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"), paragraph ten is incorporated by reference. Unlike Title VII, actions for age discrimination and for unpaid overtime wages proceed pursuant to 29 U.S.C. § 216(b). Courts have consistently held that the class action envisioned by 29 U.S.C. § 216(b) is not a representative action in the Rule 23 sense. In fact, as defendants point out, these types of class actions are mutually exclusive and irreconcilable. *La Chapelle v. Owens–Illinois, Inc.,* 513 F.2d 286, 289 (5th Cir.1975).

Here, by inserting the allegations of paragraph ten into Counts I and IV, the plaintiffs are asserting that they are proceeding in accordance with Rule 23 with respect to their alleged age discrimination and unpaid overtime wage claims. This is wrong. Plaintiffs may not proceed with those claims under Rule 23. *See La Chapelle.* The allegations that the plaintiffs incorporate by reference have no relationship to the alleged ADEA or FLSA claims, and the pleading is, therefore, fatally defective.

### 2. Failure to State a Claim

As discussed in part 1.a., plaintiffs' failure to comply with basic pleading requirements makes it virtually impossible to determine whether plaintiffs have stated a claim for relief. The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.1988) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)), *cert. denied,* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). This means that at a minimum, plaintiffs must plead facts in support of the prima facie case for each claim for relief.

### a. Count I—Age Discrimination

In order to plead facts in support of the prima facie case for age discrimination plain-

tiffs must allege that (1) they are members of a protected class; (2) they were qualified for the positions; (3) they suffered adverse employment actions based on age; and (4) the beneficiaries of the adverse employment action were younger. *O'Connor v. Consolidated Coin Caterers Corp.,* —— U.S. ——, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996).

■ The allegations in Count I do not satisfy the elementary pleading requirements to state an age discrimination claim. From the pleading it is impossible to determine what adverse employment action plaintiffs are alleging. There is not a single factual allegation in Count I which specifically relates to any plaintiff in this action or presents any adverse action as to any plaintiff with respect to hiring, promotion, bonuses, or termination. Furthermore, there is no allegation that any plaintiff was qualified for a position. As noted above, such an allegation is a required element of the prima facie case. Therefore, plaintiffs have not stated a claim for age discrimination. For these reasons and for the reasons outlined in part 1 of this Order, Count I is dismissed.

### b. Count II—Gender Discrimination, Sexual Harassment or Hostile Work Environment

#### (1) Gender Discrimination

■ The complaint is virtually devoid of any factual allegations showing that any plaintiff has a claim for gender discrimination. In addition, the conclusions that are presented in Count II do not support a claim for disparate treatment of women. For example, the assertion that women are treated as "fungible chattels" or "mere drones" is a conclusion that does not support a claim for relief Even if those allegations were sufficient, the plaintiffs fail to allege that men were not subjected to the same treatment. The same flaw occurs with respect to the plaintiffs' allegation that women are expected to work long hours. It is not accompanied by any allegation that men are not held to the same schedule and standard. Moreover, there is no allegation that any plaintiff was refused a promotion, was paid a lower salary, or received a lower bonus because she is female. These mere conclusions, without any

comparison to men fail to state a claim for gender discrimination. *Cummings v. Palm Beach County,* 642 F.Supp. 248, 249 (S.D.Fla. 1986).

#### (2) Sexual Harassment or Hostile Work Environment

■ According to plaintiffs' caption, Count II also purports to state a claim for sexual harassment. The only factual allegations contained in Count II specific to any plaintiff involve Ms. Gregoire, and those are insufficient to state a claim for relief At first, it appears that Ms. Gregoire attempts to state a claim for *quid pro quo* sexual harassment. However, the complaint fails to state such a claim. It is missing the essential allegations that submission to the alleged unwelcome conduct was a condition of her continued employment, or that her rejection of the unwelcome advances resulted in an adverse employment action against her. *See Nichols v. Frank,* 42 F.3d 503, 511 (9th Cir.1994). As Ms. Gregoire fails to make such allegations, she also fails to state a claim for *quid pro quo* sexual harassment.

Moreover, the plaintiffs also fail to state a claim for hostile work environment sexual harassment. A hostile work environment only exists where the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently pervasive or severe to alter the conditions of the victim's employment and create an abusive working environment. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Conduct that is merely offensive is not actionable under Title VII. *Id.* Moreover, not all workplace conduct that may be described as harassment affects a term, condition, or privilege of employment within the meaning of Title VII. *Meritor Savings Bank FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405–06, 91 L.Ed.2d 49 (1986). Here, no plaintiff pleads facts to show that she has suffered actionable sexual harassment or that she has been subjected to a legally cognizable hostile environment. Accordingly, the Court finds that plaintiffs fail to state a claim for sexual harassment. For these reasons and the reasons set out in part 1, Count II is dismissed.

**292**

### c. Count III—Race Discrimination

 Count III purports to assert a claim for racial and ethnic discrimination under Title VII and 42 U.S.C. § 1981. In addition to the flaws described above, in their fourth attempt, plaintiffs still do not state a claim for race discrimination. In order to do so, the plaintiffs must allege, among other things, that they were treated differently because of their race. There are no allegations, specific of otherwise, in the Third Amended Complaint that plaintiffs were treated differently because of race or ethnic origin. Moreover, plaintiffs must set forth facts to establish that the alleged treatment was the result of intentional discrimination. *See Maddox v. Claytor*, 764 F.2d 1539 (11th Cir.1985); *Henson v. City of Dundee*, 682 F.2d 897 (11th Cir.1982). They have not done so. Therefore, in addition to the numerous other flaws in Count III, plaintiffs fail to state a claim for relief Accordingly, Count III is dismissed.

### d. Count IV—Unpaid Overtime Wages

In Count IV, plaintiffs purport to state a claim under FLSA. The plaintiffs allege that they worked long hours in anticipation of "substantial" bonuses. This does not establish a claim for overtime wages. In fact, the Third Amended Complaint does not include a single allegation that any plaintiff is entitled to overtime wages. Therefore, plaintiffs fail to state a claim for relief Accordingly, Count IV is dismissed.

### CONCLUSION

The Court finds that the Third Amended Complaint, in its entirety, was not drafted in accordance with the Federal Rules of Civil Procedure and the Court's September 27, 1996, Order. Therefore, upon the foregoing findings, it is

ORDERED AND ADJUDGED that the defendants' motion to dismiss (D.E.405) is GRANTED. The Third Amended Complaint is DISMISSED WITH PREJUDICE. All pending motions, with the exception of Defendants' motion for attorneys' fees (D.E.

388), are DENIED AS MOOT. This case is CLOSED.