James A. MIZE, Plaintiff,

v.

SCHOOL BOARD OF POLK COUNTY,
FLORIDA, Defendant,

No. 97–2030–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

June 30, 1998.

as Wayne Brooks, Meyer & Brooks, P.A., Tallahassee, FL, for Defendants.

## ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT

KOVACHEVICH, Chief Judge.

This cause comes before the court on Plaintiff, JAMES A. MIZE'S, Motion for Summary Judgment and supporting Memorandum of Law filed April 30, 1998 (Docket Nos. 21–22), and Defendant, SCHOOL BOARD OF POLK COUNTY, FLORIDA'S, responses filed June 2, 1998 (Docket Nos. 28–29).

### STANDARD OF REVIEW

A motion for summary judgment should be entered when the moving party has sustained its burden of showing that, when all the evidence is viewed in light most favorable to the non-moving party, there is no genuine issue of material fact in dispute. *Bolt v. Halifax Hosp. Med. Ctr.*, 980 F.2d 1381, 1385 (11th Cir.1993). Also, the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), held:

> [T]he plain language of Fed.R.Civ.P. 56(c) mandates summary judgment after adequate time for discovery and upon motion against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden at trial.

*Celotex*, 477 U.S. at 322, 106 S.Ct. at 2553. The Court further held that, under Rule 56(e), the non-moving party must go beyond the pleadings to establish whether specific facts show that a genuine issue exists for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. A dispute is genuine, and summary judgment inappropriate, if a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ In the context of employment discrimination claims in which there is a lack of

Bruno F. De Zayas, Harbsmeier, De Zayas & Appel, Lakeland, FL, for Plaintiff.

Steven Leroy Selph, Polk County School Board, Bartow, FL, Dabney Loy Conner, Boswell & Dunlap, LLP, Bartow, FL, Thom-

direct evidence, the United States Supreme Court explained in *McDonnell Douglas v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), that the plaintiff carries the initial burden of proving a *prima facie* case. *See Young v. General Foods Corp.*, 840 F.2d 825, 828 (11th Cir.1988); *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989) (distinguishing between "direct evidence" case and *McDonnell Douglas* case). Upon the employer's showing of some legitimate, non-discriminatory reason for the termination, the burden shifts back to the plaintiff to prove that the employer's proffered reason is pretext. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. The Eleventh Circuit permits summary judgment for a defendant when the plaintiff fails to make a sufficient showing to rebut the defendant's proffered legitimate, non-discriminatory reason for the challenged employment action. *See e.g., Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 596–97 (11th Cir.1987) (upholding summary judgment for employer on grounds that plaintiff failed to produce sufficient evidence of pretext); *Pugh v. Heinrich*, 695 F.Supp. 533 (M.D.Fla.1988) (Kovachevich, J.) (granting summary judgment on plaintiff's disparate treatment and constructive discharge claims because the plaintiff failed to either establish *prima facie* case of discrimination or rebut employer's proffered reasons by competent evidence that reasons were pretextual or unworthy of credence), *aff'd mem.*, 933 F.2d 1020 (11th Cir.1991).

### FACTUAL BACKGROUND

The plaintiff, James A. Mize (Mize), was employed by the defendant, School Board of Polk County (School Board) from January of 1981 until May of 1996 as a teacher of industrial arts. From August of 1995 through May of 1996, plaintiff was employed specifically as an instructor of engineering drafting at Traviss Technical Center, a vocational school within the jurisdiction of the School Board.

On or about February 21, 1996, plaintiff received a letter from Charles D. Paulk, Director of Traviss Technical Center, informing plaintiff that due to a lack of available positions the plaintiff could not be re-appointed to Traviss Technical Center for the 1996–1997 school year. The plaintiff was also informed that he would be placed on a countywide relocation list. Further, upon receiving the above-mentioned notification, plaintiff was notified by Charles D. Paulk that due to low student numbers the engineering portion of the drafting department was being closed.

Subsequently, plaintiff was placed on the countywide relocation list whereby he was informed that his new assignment was to teach art to kindergarten classes and elementary students. Plaintiff had no prior experience in teaching kindergarten or elementary school. He left the school system on May 24, 1996.

Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) against the School Board. After the EEOC terminated the processing of this charge, he received a right to sue letter. In Count 1, Mize sues the School Board for a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 623 (ADEA). In Count 2, Mize sues the School Board for violation of the Florida Civil Rights Act of 1992, 760.10(1) Florida Statutes. In Count 3, Mize sues the School Board for breach of the Collective Bargaining Agreement between the School Board and the Polk Education Association, Inc. Mize seeks lost wages, future loss of compensation, loss of earning capacity, mental anguish, loss of enjoyment of life, punitive damages together with attorney's fees, and costs of court in Counts I, II, and III.

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

■■■■ In order to survive a motion for summary judgment, the plaintiff must first establish a *prima facie* case of age discrimination under the ADEA. *Zaben v. Air Prod. & Chem. Inc.*, 129 F.3d 1453, 1457 (11th Cir.1997). Under the traditional *McDonnell Douglas* test, in order to establish a *prima*

*facie* case of age discrimination, the plaintiff must prove that he is: (1) a member of the protected group, (2) was qualified to do the job, (3) was discharged or suffered an adverse employment action and (4) was replaced by a younger person. See *O'Connor v. Consolidated Coin Caterers*, 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996); *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir.1998); *Zaben* 129 F.3d at 1457; *Benoit v. Ocwen Fin. Corp. Inc.*, 960 F.Supp. 287 (S.D.Fla.1997).

■ The applicable test changes in situations where an employee is affected by either a "reduction in force" (RIF) or where a position is eliminated in its entirety. *Jameson v. Arrow Co.*, 75 F.3d 1528, 1531 (11th Cir.1996). In that case, the court determined that a plaintiff affected by a reduction in force, established a *prima facie* case by showing: (1) that he was in a protected age group and was adversely affected by an employment decision, (2) that he was qualified for his current position or to assume another position at the time of the discharge, and (3) evidence by which a fact finder could reasonably conclude that the employer intended to discriminate on the basis of age in reaching that decision. *Id.* at 1532 (citing *Mitchell v. Worldwide Underwriters, Ins. Co.*, 967 F.2d 565, 567–68 (11th Cir.1992), *Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1082 (11th Cir.1990) and *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045–46 (11th Cir.1989)).

■ If the plaintiff is successful in establishing a *prima facie* case of discrimination, the burden then shifts to the employer to articulate some legitimate, non-discriminatory reason for the rejection or adverse employment action. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. If the employer can supply a legitimate reason for the termination (or adverse action), the plaintiff is afforded an opportunity to show that the reason proffered by the employer is pretext for discrimination. *Id.* 411 U.S. at 804, 93 S.Ct. 1817.

There is a factual dispute between the parties as to whether or not the plaintiff's position was eliminated after his leave. Therefore, there is also a dispute as to which test is applicable in determining a prima facie case. The Court, construing the evidence in the light most favorable to the nonmoving party, will first employ the *McDonnell* test in establishing a prima facie case of discrimination. Under the *McDonnell* test, the plaintiff meets his burden on all four elements. It is undisputed by the Defendant that the Plaintiff is a member of the protected group and that he was qualified to perform his job. Also, in *Pace v. Southern Railway System*, 701 F.2d 1383, 1388–89 (11th Cir.1983), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983) the court stated that a reassignment or demotion may be considered a discharge for purposes of satisfying the requirements of an age discrimination suit. Therefore, the third facet of the *McDonnell* test is satisfied. Finally, if the Defendant was replaced, he was replaced by a younger person.

■ Upon satisfying the threshold *prima facie* case, the burden shifts then to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. The Defendant stated that classes at Traviss which showed low enrollment and generated a negative income were often closed. The Plaintiff's mechanical drafting class dropped in enrollment from twenty-seven students during the 1995–1996 school year to ten or eleven students during the 1995–1996 school year, and the class generated a negative income both years that the Plaintiff taught the course. This is a legitimate, non-discriminatory reason for the Defendant's decision to drop the mechanical drafting class and not rehire the Plaintiff for the following year.

■ Once the defendant produces a legitimate, non-discriminatory reason for its employment action, the burden shifts back to the plaintiff to introduce "significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." *Zaben v. Air Prod. & Chem. Inc.*, 129 F.3d

1453, 1457 (11th Cir.1997). Here, however, the Plaintiff fails to meet his burden. The Plaintiff fails to provide any probative evidence showing that the Defendant's reason for its employment action was a pretext for discrimination. Plaintiff offers in his Amended Complaint only the conclusory allegations that the person hired in his place was younger and less senior and the fact that other classes also had low enrollment. This is insufficient to meet the level of "significantly probative evidence" necessary to show that the Defendant's reason not to rehire was a pretext for age discrimination. *Id.* Summary judgment is appropriate in employment discrimination cases where the plaintiff fails to set forth specific facts showing a genuine issue exists as to whether the employer's articulated reason for adverse employment action was pretextual. Civil Rights Act of 1964 § 701 et seq., 42 U.S.C.A. § 2000e et seq. Determination of a *prima facie* case of age discrimination turns on whether the plaintiff has presented sufficient evidence to provide a basis for an inference that age was a factor in the employment decision. Age Discrimination in Employment Act of 1967 § 2 et seq., as amended, 29 U.S.C.A. § 621 et seq. The Plaintiff has not provided sufficient evidence. Therefore, the Defendant is entitled to judgment as a matter of law under the *McDonnell Douglas* test.

■ Alternatively, the Court could also utilize the *Jameson* (RIF) test to determine the validity of a *prima facie* case. Under that test, the Defendant does not meet his burden as to all three elements. It is undisputed that the Defendant was in a protected age group and that he was qualified for his position. It is also clear that the Defendant's employment decision to reassign the Plaintiff from high school level engineering drafting to kindergarten art adversely affected the Plaintiff. However, the Plaintiff failed to provide evidence by which a fact finder could reasonably conclude that the Defendant intended to discriminate on the basis of age in reaching that decision. Therefore, the analysis under the *Jameson* (RIF) test is not satisfied, and the Defendant is entitled to judgment as a matter of law.

■ Counts II and III of the Amended Complaint are based on state law principles. Neither of these two counts have an independent basis for original federal jurisdiction. Therefore, since the federal question claim has been dismissed, pursuant to 28 U.S.C. § 1367(c)(3), this Court dismisses these two pendent state law claims for lack of federal jurisdiction. *See Villas of Lake Jackson, Ltd. v. Leon County,* 906 F.Supp. 1509, 1522 (N.D.Fl.1995)(citing *L.A. Draper & Son v. Wheelabrator–Frye, Inc.,* 735 F.2d 414, 428 (11th Cir.1984)).

The Court, having considered all the arguments of the parties, is convinced that the motion for summary judgment should be granted. The Court is also convinced that the motion to dismiss should also be granted. Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment (Docket Nos. 21–22) be **granted** on Count I, the Defendant's Motion to Dismiss (Docket Nos. 21–22) be **granted** as to Counts II and III; and the Clerk of Court be **directed** to enter a judgment accordingly.