**John CUMMINGS, Jr., Plaintiff,**

v.

**PALM BEACH COUNTY, Defendant.**

No. 85–8406–CIV.

United States District Court, S.D. Florida.

July 25, 1986.

---

Lynn E. Szymoniak, Cullen & Szymoniak, P.A., Lake Worth, Fla., for plaintiff.

Glen J. Torcivia, Ass't. Co. Atty., West Palm Beach, Fla., for defendant.

## ORDER ADOPTING RECOMMENDATION OF MAGISTRATE AND DISMISSING CASE WITHOUT PREJUDICE

PAINE, District Judge.

This Cause is before the Court on Plaintiff's Objections to Magistrate's Report and Recommendation (D.E. # 14).

Plaintiff contends that the Magistrate applied an erroneous standard of law in recommending dismissal of Plaintiff's complaint.

The Plaintiff suggests that the Eleventh Circuit has set forth the standard of review in a civil rights case brought pursuant to Title VII § 1981 in *Richardson v. Fleming,* 651 F.2d 366 (5th Cir.1981) citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "The complaint should not be dismissed unless it appears that the plain-

tiff can prove no set of facts which would entitle him to relief." However, *Richardson* is founded upon a *pro se* complaint. "A *pro se* ... complaint is governed by 'less stringent standards than formal pleadings drafted by lawyers'". *Faulk v. City of Orlando,* 731 F.2d 787 (11th Cir.1984) citing *Pace v. Evans,* 709 F.2d 1428, 1429 (11th Cir.1983).

The federal rules of pleading are liberal. However, we find that something more than conclusory allegations of racial and age discrimination are required. We note the absence of Eleventh Circuit authority with regard to the issue of pleading civil rights cases with specificity. This Court is persuaded by the Third Circuit's reasoning to the extent that a more stringent standard of pleading in civil rights actions is necessary. The degree of specificity does not require that all evidentiary facts be plead. "A plaintiff need not prove his whole case in his complaint." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). But, to comply with "fair notice" pleading, the complaint should at least allege in general terms what violative acts, customs, practices or policies were practiced by the defendant. This would enable the defendant to focus on these practices in order to respond to the charges and assure the court that the claim has some basis in fact.

The Third Circuit in *Rotolo v. Borough of Charleroi,* 532 F.2d 920, 922–23 (3rd Cir.1976), reasoned, "In recent years there has been an increasingly large volume of cases brought under the Civil Rights Act. A substantial number of these cases are frivolous or should be litigated in the state courts. It is important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the doors of the federal courts open to legitimate claims." That court went on to emphasize that vague and conclusory allegations of legal deprivations that fail to state facts upon which to weigh the substantiality of the claim do not satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure.

We find that even under the *Conley* test, this complaint is vague and conclusory and fails to state any facts upon which claims of race and age discrimination are based. Our research disclosed a case with sufficient parallels to provide a standard of specificity in bridging the gap between "fair notice" and the Third Circuit's requirements. See *Marshall v. Electric Hose and Rubber Company*, 65 F.R.D. 599, 605 (D.Del.1974) (citing the specificity requirements of the complaint in *United States v. Gustin-Bacon Div. Certain-Teed Prod.*, 426 F.2d 539, 543 (10th Cir.1970)). In the instant case, while an incident was specifically alleged concerning Plaintiff's recommendation at a Board of County Commissioners' Workshop meeting on March 13, 1984 which resulted in a negative job performance rating, no facts have been alleged to support the conclusory allegations of an existing Palm Beach County policy of discrimination against its employees on the basis of age and race. The Plaintiff has not raised an inference of discrimination from the acts which he points to in the pleadings. We point out that there are two avenues to establishing liability against a government official:

(1) A personal capacity suit which imposes personal liability upon the official for actions he takes under color of state law; and

(2) An official capacity suit which must look to the government entity itself.

*Kentucky v. Graham*, — U.S. —, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

In *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690–691, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978), where a municipality was held liable under § 1983 for constitutional torts committed pursuant to an official policy or custom, it was stated that a plaintiff must allege a specific incident of misconduct and that the specific incident implemented an official government policy or custom. A complaint will withstand a motion to dismiss only if the facts alleged, together with reasonable inferences drawn from them, could lead a reasonable factfinder to conclude that the actions of the government employee were the product of some official policy or custom. Further, in *City of Oklahoma City v. Tuttle*, 471 U.S. 808, —, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985), the allegation of a single act of unconstitutional conduct was deemed insufficient to support an allegation that the conduct was undertaken pursuant to an official custom or policy.

After examining the complaint, we conclude that the pleading requirements of *Tuttle* have not been met. The complaint contains no allegation of a pattern or series of discriminatory employment practices. Since a requirement of specificity works no hardship on the Plaintiff, this court requires the Plaintiff to amend the complaint to allege in general terms what practices, policies and customs were utilized by Palm Beach County to discriminate against blacks and older individuals in favor of whites and younger individuals.

Therefore, it is

ORDERED and ADJUDGED that the complaint be dismissed without prejudice. This Order renders the Plaintiff's Motion to Compel Production of Documents (D.E. # 11) MOOT.