**Bhadresh DESAI, Plaintiff,**

v.

**TIRE KINGDOM, INC., a Florida Corporation, Defendant.**

**No. 96–1039–CIV–T–17C.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 30, 1996.

Alex Lancaster, Amy L. Sergent, Lancaster & Eure, Sarasota, FL, for plaintiff.

Steven L. Schwarzberg, Honigman, Miller, Schwartz & Cohn, West Palm Beach, FL, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

This cause comes before the Court on Defendant's Motion to Dismiss for insufficient process, insufficient service, and failure to state a claim (Dkt. 8), and Plaintiff's Response to Defendant's Motion to Dismiss, together with supporting Memorandum of Law (Dkt. 11).

### FACTUAL BACKGROUND

Plaintiff Bhadresh Desai filed this action for damages against Tire Kingdom, Inc. ("Tire Kingdom") pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 et seq. (1994), 29 C.F.R. § 1630.1 (1995); the Florida Human Rights Act, *Fla. Stat.* Ch. 760.10(1)(a) (1995); and Florida Workers' Compensation Law, *Fla. Stat.* Ch. 440.205 (1995).

Plaintiff Desai claims that Tire Kingdom engaged in the following unlawful employment practices: (1) failing to make reasonable accommodations for his known physical disability; and (2) terminating him either because of his disability, or in retaliation for his pursuit of a valid workers' compensation claim.

Mr. Desai's disability consists of a knee injury sustained on January 17, 1991 while on the job.

Mr. Desai originally filed suit in the Circuit Court of the Twelfth Judicial Circuit of the State of Florida in and for Manatee County, Florida. Tire Kingdom removed the case to the United States District Court for the Middle District of Florida, Tampa Division on May 28, 1996 pursuant to 28 U.S.C.

§ 1441, § 1446 and § 1331. Tire Kingdom filed its Motion to Dismiss on June 5, 1996.

### STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir.1982). In reviewing a motion to dismiss, the court is required to view the complaint in the light most favorable to the plaintiff and accept all allegations as true. *Colodny v. Iverson, Yoakum, Papiano & Hatch,* 838 F.Supp. 572, 573 (M.D.Fla.1993) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). Such a motion should be granted only where the plaintiff can prove no set of facts upon which relief could be granted. *National Org. for Women v. Scheidler,* 510 U.S. 249, 255, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). Additionally, the Court must accept all well-pleaded allegations in a plaintiff's complaint as true. *Gonzalez v. McNary,* 980 F.2d 1418, 1419 (11th Cir.1993). However, the Court will not accept conclusory allegations or legal conclusions masquerading as factual conclusions. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).

### DISCUSSION

This Court has jurisdiction in this civil rights action pursuant to 42 U.S.C. § 2000e–5(f)(3) and 28 U.S.C. § 1331, § 1367(a), and § 1343(a)(4). This action is brought under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq.; the Florida Human Rights Act, Fla.Stat. ch. 760.01–760.10; and Florida Workers' Compensation Law, Fla.Stat. ch. 440.205.

### I. *Insufficient Process and Service of Process*

■ Defendant Tire Kingdom alleges that Plaintiff Desai's claim should be dismissed for insufficiency of process and insufficiency of service of process under Federal Rules of Civil Procedure 12(b)(4) and (5) because the plaintiff filed the action against and served a copy of the Complaint on a non-existent entity. Both the Complaint and the Summons captions indicated "Tire Kingdom" as the defendant. However, Defendant's corporate name is Tire Kingdom, Inc. While, technically, neither process nor service of process was proper, it is clear from the Complaint that this misnomer was simply the result of clerical error; the first sentence of the Complaint described the defendant as "TIRE KINGDOM, INC., a Florida corporation." Further, it is evident from the fact that the Defendant filed both an Answer and a Motion to Dismiss that Defendant has notice of Plaintiff Desai's claims.

■ Middle District Local Rule 3.01(g) requires a moving party to confer with opposing counsel prior to filing a motion to dismiss for improper service or improper process in a good faith effort to resolve the issue. If the parties are unable to resolve their differences, Rule 3.01(g) requires the moving party to file a statement with his motion that certifies that he has conferred with opposing counsel and the parties could come to no resolution. Since no Rule 3.01(g) certification was filed with Tire Kingdom's Motion to Dismiss, it appears that counsel for Tire Kingdom overlooked this very important rule. The purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention.

In his Response to Defendant's Motion to Dismiss, Plaintiff Desai requested leave to amend the complaint style to show Tire Kingdom, Inc. as the defendant. This Court grants Plaintiff leave to amend his complaint, and denies the Motion to Dismiss as to service as moot.

### II. *Plaintiff's Failure to State a Claim*

Tire Kingdom alleges that Plaintiff fails to state a valid claim for two reasons: (1) Plaintiff did not allege facts sufficient to support his ADA or Florida Human Rights Act

causes of action; and (2) Plaintiff failed to exhaust his administrative remedies with respect to his Florida Human Rights Act claim.

■ To establish a prima facie case under the Americans with Disabilities Act ("ADA"), a plaintiff must prove that he is (1) disabled, (2) can perform the essential functions of his job with or without reasonable accommodations, and (3) was terminated because of his disability. *Wooten v. Farmland Foods,* 58 F.3d 382, 385 (8th Cir.1995). "Disability" is defined under the ADA as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2). The Florida Human Rights Act ("Florida Act") uses the term "handicap" rather than "disability," and defines it as "a physical or mental impairment which substantially limits one or more major life activities." *Fla.Stat.,* Ch. 760.22. However, the Florida Act expands the definition to include persons who have a record of having, or are regarded as having, such physical or mental impairments. *Id.* "Major life activities" include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). If a plaintiff's alleged impairment does not substantially limit a major life activity, he is not disabled and cannot recover under either the ADA or the Florida Act.

■ Tire Kingdom states that Plaintiff Desai has not alleged that his knee injury substantially limits his ability to care for himself, perform manual tasks, walk, see, hear, speak, breathe, learn, or work as required by the ADA and the Florida Act, and therefore his claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6). While it is true that Mr. Desai does not specifically allege that his knee injury adversely affects his ability to perform manual tasks, walk, see, hear, speak, breathe, learn or work, several comments in the complaint imply that he may have difficulty walking and/or working.

First, in averment 12 of the Complaint (Dkt.3), Plaintiff alleges that his doctors informed him that his knee injury was permanent, and that he would need to reduce his working hours. In addition, Plaintiff stated that he was forced to give up tennis, jogging, and other activities as a result of his injury. These statements allude to Plaintiff's difficulty in walking and working, both major life activities.

Plaintiff further alleges that after a twelve (12) hour shift at Tire Kingdom, he experienced great pain and could not bend his leg. This remark also suggests that Plaintiff may have difficulty working and/or walking.

While Plaintiff Desai's averments could have been more specific, Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement showing that the pleader is entitled to relief." The only exceptions to this general rule appear in Federal Rule 9(b) and 9(g), which require that fraud, mistake, and special damages be stated with particularity.

■ Tire Kingdom cites several cases, including *Cummings v. Palm Beach County,* 642 F.Supp. 248, 249 (S.D.Fla.1986), in alleging that complaints involving civil rights actions have a heightened pleading requirement. The court in *Cummings* acknowledged that federal pleading rules are liberal, but went on to state that more than conclusory allegations are required. *Id.* at 249. To comply with fair notice, a complaint should at least allege in general terms the acts, customs, practices, policies of the defendant in a manner sufficient to allow an informed response. *Id.* Applying this rule to the facts of the instant case, Plaintiff Desai's Complaint, though it could have been more specific, was sufficient to allow Tire Kingdom to reasonably respond. In contrast, the complaint in *Cummings* was dismissed because it was vague, conclusory and failed to state any facts upon which a claim could be based. *Id.* at 250.

The other cases cited by Tire Kingdom, including *Holdiness v. Stroud,* 808 F.2d 417 (5th Cir.1987) and *Barr v. Abrams* 810 F.2d 358 (2d Cir.1987), further support the position that conclusory allegations are not enough. However, they do not apply to the instant case because Plaintiff's Complaint states more than conclusory allegations.

In its quest to show that Plaintiff could not possibly present facts in support of a valid ADA or Florida Act claim, Defendant Tire Kingdom further states that a knee injury is not an impairment that could qualify as limiting any major life activity to a significant degree. It cites several cases in which knee injuries were held not to substantially limit any major life activity. The key, however, lies in one of the cases cited by Tire Kingdom, *Elstner v. Southwestern Bell Telephone Co.*, 659 F.Supp. 1328, 1342 (S.D.Tex. 1987). The *Elstner* court held that the determination of whether an impairment substantially limits a major life activity should be made on a case-by-case basis. *Id.* at 1342. The inquiry is an "individualized one," not one that can be made by looking only at the type of injury. *Id.* The Court must consider several factors in making this determination: the number and type of jobs from which the plaintiff is disqualified, the geographical area to which the plaintiff had access, and the plaintiff's job expectations and training. *Id.* Given this rule, more facts are necessary for this Court to make a determination as to whether Mr. Desai's knee injury substantially limits any major life activity.

Applying the appropriate standard of review, this Court may dismiss a complaint for failure to state a claim only if there is no doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 101–02; *Bracewell*, 680 F.2d at 104. Further, the court is required to view the complaint in the light most favorable to the Plaintiff and accept all allegations as true. *Colodny*, 838 F.Supp. at 573. Applying these standards to the instant case and looking at the allegations of the complaint in the light most favorable to Mr. Desai, the Court finds it is possible that Plaintiff could prove a set of facts that would entitle him to relief.

Tire Kingdom correctly asserts that the preconditions to a civil action under the Florida Human Rights Act are not met unless a complaint is filed with the Florida Commission on Human Relations ("Florida Commission") within 365 days of the alleged discriminatory act. Tire Kingdom then posits that Plaintiff Desai failed to allege that he filed a charge of discrimination with the Commission regarding Tire Kingdom's wrongful termination and failure to accommodate claims, and that the claim must therefore be dismissed for failure to exhaust administrative remedies.

Tire Kingdom's assertion that Mr. Desai failed to exhaust administrative remedies is incorrect as evidenced by the Charge of Discrimination attached to the Complaint as Exhibit A. The Charge (# 151951538) clearly indicates the Florida Commission on Human Relations as the state or local agency responsible for discrimination claims. Further, Mr. Desai completed the Charge of Discrimination under oath and checked the appropriate box on the form to indicate that he wanted the charge filed with both the EEOC and the state or local agency. As the EEOC and the Florida Commission have entered into work-sharing arrangements, filing the charge with a single agency constitutes dual filing as long as the state agency is indicated on the form and check is placed in the box indicating that the charge is to be dual filed. Mr. Desai followed these procedures; the Florida charge was considered to be filed on May 30, 1995, less than sixty days from the date of the alleged discrimination (April 3, 1995— termination date). Administrative remedies have been exhausted as required. The Court finds that Plaintiff's Complaint is sufficient as to this issue. Accordingly, it is,

**ORDERED** that Defendant's Motion to Dismiss for insufficient process, and insufficient service, is **denied** as moot, and Defendant's Motion to Dismiss for failure to state a claim is **denied.**