Kevin O'HALLORAN, as Chapter 11 Trustee for Greater Ministries International, Inc. et al.; and William C. Smith, an individual, and John Tingue, an individual, suing on behalf of themselves and all persons similarly situated, Plaintiffs,

v.

FIRST UNION NATIONAL BANK OF FLORIDA, Defendant.

No. 8:01–CV–1779–T–17EAJ.

United States District Court, M.D. Florida, Tampa Division.

April 26, 2002.

Michael C. Addison, Addison & Delano, P.A., Tampa, FL, J. Michael Rediker, Haskell, Slaughter, Young & Rediker, LLC, Birmingham, AL, for Plaintiffs.

Nancy J. Faggianelli, Thomas P. Barber, Carlton Fields, P.A., Tampa, FL,

Gary Lee Sasso, J. Andrew Meyer, Carlton Fields, P.A., St. Petersburg, FL, for Defendants.

## ORDER

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendant's Motion to Dismiss First Amended Complaint and Memorandum in support thereof (Dkt. Nos. 19–20); Plaintiff's Response to Defendant's Motion to Dismiss the First Amended Complaint (Dkt. No. 24); and Plaintiff's First Amended Complaint (Dkt. No. 16).

### Background

This suit arises out of a Ponzi scheme that was operated under the guise of Greater Ministries International Church (Greater Ministries). Representatives of Greater Ministries and Greater Ministries International Incorporated operated and marketed a "double-your-money" scheme called the "Faith Promises Program." During this time, Greater Ministries used First Union National Bank (Defendant) as a major depository and source of financial services while operating the Ponzi scheme. Eventually, the Ponzi scheme swindled more than fifteen thousand victims out of an estimated five hundred million dollars. Many of the principals of Greater Ministries, including its cofounders Gerald and Betty Payne, Don Hall, and David Whitfield were convicted in this Court for a variety of federal offenses.

In August of 1999, Greater Ministries was put into receivership, and the federal receiver initiated an involuntary bankruptcy case against Greater Ministries. Then, on September 24, 1999, Plaintiff Kevin O'Halloran (Plaintiff O'Halloran) was appointed trustee of the bankruptcy estates of Greater Ministries.

On August 24, 2001, Plaintiff O'Halloran and Plaintiffs William C. Smith and John Tingue (Investors or Individual Plaintiffs) filed suit against Defendant in the Thirteenth Judicial Circuit, in and for Hillsborough County, which was subsequently removed to this Court on September 17, 2001. Plaintiffs then filed an amended complaint on November 28, 2001, asserting causes of action against Defendant for aiding and abetting crimes and torts; assisting breach of fiduciary duties; breach of Duties to Warn and to Control; and Negligence. Defendant now moves to dismiss Plaintiffs' complaint on the grounds that it violates Rule 8 of the Federal Rule of Civil Procedure; that Plaintiff O'Halloran does not have standing to bring the cause of action against Defendant; and that Plaintiffs have failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Standard of Review

In ruling on a motion to dismiss, the court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 56–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court must take all material allegations of the complaint as true and liberally construe those allegations in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). However, a plaintiff may not merely "label" claims to survive a motion to dismiss. *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). When, on the basis of a dispositive issue of law, no construction of the factual allegation will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991).

### Discussion

**I. Pleading Requirements of Rule 8**

■ Defendant first argues that this Court should dismiss Plaintiffs' complaint on the grounds that it fails to meet the

pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.

■ To comply with Rule 8 of the Federal Rules of Civil Procedure, at a minimum, the complaint must provide a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed.R.Civ.P. 8(a)(2)). Although their complaint is a bit lengthy, Plaintiffs have complied with Rule 8 by alleging facts that put Defendant on fair notice of what their claims against Defendant are. "To comply with fair notice, a complaint should at least allege in general terms the acts, customs, practices, policies of the defendant in a manner sufficient to allow an informed response." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 879 (M.D.Fla.1996) (citing *Cummings v. Palm Beach County*, 642 F.Supp. 248, 249 (S.D.Fla.1986)). Accordingly, Plaintiffs' complaint alleges those acts, practices, and policies that Defendant committed and puts Defendant on notice of the causes of action that Plaintiffs assert against it.

■ Additionally, the Court notes that, even if it were to find that Plaintiffs' complaint was a "shot gun pleading" or failed to comply with Rule 8, the proper remedy would be to allow Plaintiffs to amend their complaint or to strike those portions that the Court found did not comply with the Federal Rules of Civil Procedure, not the harsh sanction of dismissal. *See Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir.1996) (remanding a "shotgun pleading" to district court to allow the plaintiff to replead the complaint); *McHenry v. Renne*, 84 F.3d 1172, 1178–1179 (9th Cir.1996) (stating that, because of the harshness of dismissal, the court should allow the plaintiff to replead his complaint). Because the Court finds that Plaintiffs' complaint complies with Rule 8 of the Federal Rules of Civil Procedure,

Defendant's motion must be denied as to this point.

## II. Trustee's Standing

Standing is a preliminary jurisdictional matter and whether a plaintiff has standing is always a threshold inquiry. *E.F. Hutton, Inc. v. Hadley*, 901 F.2d 979, 983 (11th Cir.1990). The Court must accept all of the allegations of the complaint as true and disregard the plaintiff's likelihood of success on the merits of his or her claim. *Id.* at 984.

■ To analyze whether a plaintiff has standing in a particular case, the United States Supreme Court formulated a "two-component framework consisting of 'irreducible' constitutional requirements and prudential considerations." *Id.* (citing *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)). First, the party asserting standing must have suffered actual injury or show the imminence of such injury. *Id.* (citing *Valley Forge*, 454 U.S. at 472, 102 S.Ct. 752). Next, the injury must be fairly traceable to the alleged unlawful conduct. *Id.* (citing *Valley Forge*, 454 U.S. at 472, 102 S.Ct. 752). Finally, the plaintiff must demonstrate that the requested relief will likely redress the injury. *Id.* (citing *Valley Forge*, 454 U.S. at 472, 102 S.Ct. 752).

■ After the plaintiff has satisfied these constitutional requirements, the Court must inquire as to whether there are prudential considerations that may restrain the Court from hearing the case. *Id.* (citing *Fed. Deposit Ins. Corp. v. Morley*, 867 F.2d 1381, 1386 (11th Cir.1989)). The Supreme Court recognizes three considerations that discourage judicial action, despite a party's satisfaction of the constitutional prerequisites for standing: "1) assertion of a third party's rights, 2) allegation of a generalized grievance rather than

an injury particular to the litigant, and 3) assertion of an injury outside the zone of interests of the statute or constitutional provision." *Id.* at 985 (citing *Valley Forge,* 454 U.S. at 474–475, 102 S.Ct. 752).

### A. Trustee's Suit on behalf of Greater Ministries

■ Defendant argues that Plaintiff O'Halloran, as trustee for Greater Ministries, does not have standing to bring suit against Defendant because Greater Ministries' own fraud was responsible for the alleged losses for which Plaintiff O'Halloran seeks to recover. Plaintiffs argue that Gerald Payne (Payne) was responsible for the losses that Plaintiffs seek to recover; therefore, his actions are not attributed to Greater Ministries, and Plaintiff O'Halloran has standing to sue.

The Court finds that *Feltman v. Prudential Bache Securities,* 122 B.R. 466, 470 (S.D.Fla.1990), is persuasive in determining that Plaintiff O'Halloran does not have standing to bring suit against Defendant for the alleged losses that he seeks to recover. In *Feltman,* the Chapter 11 trustee and unsecured creditors of two sham corporations filed suit against the principal officer and president (the defendant officer) of the corporations who defrauded investors out of millions; and the defendant officer's broker, bank, and accountant for negligence and participation in breach of fiduciary duty. 122 B.R. at 469. The plaintiffs' claims stemmed from the defendant officer's embezzlement scheme, in which he incorporated two corporations under the guise of using them to provide financial services to clients. *Id.* In their allegations, the plaintiffs claimed that the bank where the defendant officer established the bank accountants for the corporations was aware of "suspicious withdrawals and deposits" and that it "accepted forged endorsements," in furtherance of the defendant officer's embezzlement scheme. *Id.* at 470.

All of the defendants, except the defendant officer, moved to dismiss the complaint on the grounds that the trustee lacked standing to bring suit against them. *Id.* The United States District Court for the Southern District of Florida agreed, stating that,

[T]he corporations were essentially conduits for stolen money, any injury to the debtors in this case must be substantially coterminous with the injury to the defrauded creditors. Everything [the defendant officer] stole from the debtor corporations, the debtor corporations had stolen from the creditors. Thus, any alleged injury to the debtors was illusory, as was their corporate identity.

*Id.* at 474 (footnote omitted).

Like the *Feltman* trustee, here Plaintiff O'Halloran has brought suit against Defendant for negligence and participation for breach of fiduciary duty, alleging that because Defendant held bank accounts for Greater Ministries, it was furthering Payne's fraudulent acts. Additionally, like the sham corporations in *Feltman,* Greater Ministries was merely a "conduit for stolen money" that the officers and directors of Greater Ministries used in their Ponzi scheme. As such, allowing Plaintiff O'Halloran to collect for any injury that the directors or officers caused would allow him to collect for Greater Ministries what Greater Ministries stole from the hundreds of "investors" who thought that they were giving money to a church and that God was going to reward them by doubling the money that they invested.

The *Feltman* court pointed out that, "allow[ing] the Trustee to sue on behalf of the corporation for the same damages suffered by a specific class of creditors would deprive those creditors of standing to raise those claims." *Id.* Likewise, this Court finds that the "investors" in Greater Ministries ought to be the ones to assert a claim against Defendant—if one were to exist—

rather than Greater Ministries, considering that Greater Ministries was the vehicle through which the "investors" lost their money.

For these reasons, the Court finds that Plaintiff O'Halloran does not have standing, and his claim against Defendants on behalf of Greater Ministries must be dismissed.

## B. Trustee's Suit on behalf of the Investors

Defendant also argues that Plaintiff O'Halloran does not have standing to bring suit on behalf of the "investors." Plaintiffs assert that Plaintiff O'Halloran is not bringing suit on behalf of the "investors"; rather they are asserting claims of their own. The Court agrees with Plaintiffs that the Individual Plaintiffs that are named in the complaint are bringing suit against Defendant, and they have standing to bring this action. As such, the Court finds that Plaintiff O'Halloran is dismissed from the suit.

## III. Failure to State a Claim

█ Because the Court finds that Plaintiff O'Halloran does not have standing to sue, the Court will only address Defendant's argument for failure to state a claim as it applies to the Individual Plaintiffs. Defendant asserts that Plaintiffs fail to state a cause of action because the Individual Plaintiffs, as investors in Greater Ministries, did not establish a fiduciary relationship with Defendants; therefore, Defendant owed no legal duty to Plaintiffs, and the complaint must be dismissed. The Court agrees with Defendant.

█ In *Barnett Bank of West Florida v. Hooper,* the Florida Supreme Court held that banking institutions owe an implied duty to its depositors not to disclose information to third parties concerning their depositors' accounts. 498 So.2d 923 (1986). Although the Florida Supreme Court recognized exceptions to the bank's duty of confidentiality to depositors in *Hooper,* it stated that a fiduciary duty to disclose material facts to customers arose where a bank established a confidential or fiduciary relationship with the customer and that transaction was one for which the bank was likely to benefit. *Id.* at 925. Moreover, "[t]o establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Bankest Imports, Inc. v. ISCA Corp.,* 717 F.Supp. 1537, 1541 (S.D.Fla. 1989); *see Lanz v. Resolution Trust Corp.,* 764 F.Supp. 176, 179 (S.D.Fla.1991) ("In an arms-length transaction, . . . there is no duty imposed on either party to act for the benefit or protection of the other party, or to disclose facts that the other party could, by its own diligence have discovered.").

Here, Greater Ministries held the depository account with Defendant and established a fiduciary duty with Defendant. As a result, Defendant owed a duty to Greater Ministries to protect the information that it knew about Greater Ministries and not to disclose the information to the Individual Plaintiffs. There are no factual allegations to support the inference that Defendant undertook any relationship with Plaintiffs to protect them from the actions of Greater Ministries. Plaintiffs and Defendant did not establish a fiduciary or confidential relationship with each other. In fact, the Court finds that there was no relationship whatsoever between the Individual Plaintiffs and Defendant. Greater Ministries held the depository accounts with Defendant and the representatives and agents of Greater Ministries deposited and withdrew money in the account, not the Individual Plaintiffs.

To hold Defendant liable in this situation, essentially, would be to instill on banking institutions the power to regulate

what their customers do with their money, a power this Court cannot and will not establish. As such, Defendant had no duty to disclose any material facts to Plaintiffs, even if it had knowledge of such facts. *See Hauben v. Harmon,* 605 F.2d 920 (5th Cir.1979) (holding that, in the absence of a fiduciary relationship, the defendant could not be held liable for misrepresentation when it failed to disclose material facts in an arms-length transaction, unless the defendant utilized an "artifice or trick" to prevent the plaintiff from conducting an independent investigation).

For the above-stated reasons, the Court finds that a legal duty did not exist between Defendant and Plaintiffs. Because the existence of a legal duty is essential to all of the claims that Plaintiffs have asserted against Defendant and because the Court finds that no legal duty existed between Plaintiff and Defendant, the Plaintiffs' complaint must be dismissed.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss First Amended Complaint (Dkt. No. 19) be **GRANTED**, and the Clerk of the Court shall close this case.