**Kelsie J. LORDEUS, Plaintiff,**

v.

**MIAMI–DADE COUNTY,
et al., Defendants.**

**CASE NO. 1:17–cv–20726–UU**

United States District Court,
S.D. Florida.

Signed 07/05/2017

Stephanie Langer, Langer Law, P.A., Palmetto Bay, FL, for Plaintiff.

Jennifer Laura Hochstadt, Miami, FL, for Defendants.

## ORDER

URSULA UNGARO, UNITED STATES DISTRICT JUDGE

THIS CAUSE is before the Court upon Defendant Miami–Dade County's Motion to Dismiss Counts I and IV of the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). D.E. 23.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

## BACKGROUND

The following allegations are taken from Plaintiff's Amended Complaint. D.E. 21.

On December 1, 2013, Miami–Dade Police Department ("MDPD") Officers Estrellita Brutto ("Brutto") and Lazaro Torres ("Torres") came to Plaintiff's house and ordered him to get on the ground. D.E. 11 ¶¶ 11–14. Plaintiff complied with their order without resistance and was then handcuffed by the officers. Id. ¶ 15. While on the ground and handcuffed, Brutto and Torres kicked Plaintiff about his person while yelling expletives such as "asshole". Id. ¶ 16. Thereafter, an ununiformed officer in an unmarked car arrived on scene. Id. ¶ 17. The unidentified officer ran up to Plaintiff, who remained handcuffed and on the ground, and proceeded to kick Plaintiff while yelling, "you want to hit a cop." Id. Plaintiff was then "kicked under his car by the officers at the scene." Id. ¶ 18. Torres then lifted Plaintiff off the ground, caused Plaintiff to lean against his own car, and then elbowed Plaintiff in the face. Id. at ¶ 19.

The incident was witnessed by "the neighbors and family members", one of which called Plaintiff's wife and told her "what was occurring." Id. at ¶ 20. Thereafter, Plaintiff's wife arrived on the scene with their children. Id. at ¶ 21. Plaintiff's wife tried to intervene and stop the officers but was arrested for resisting arrest without violence. Id. at ¶ 22. Plaintiff's wife was then "grabbed by the neck and forcibly placed in a police car." Id. The officers threatened "[o]ther family members and neighbors" with arrest if they also interfered. Id. at ¶ 23. Plaintiff's brother took pictures with his cellular phone but "the officers" forcibly took his phone and "erased the evidence captured on the phone." Id. at ¶ 24.

The officers did not call fire rescue or otherwise provide medical treatment to the Plaintiff. Id. at ¶ 25. Instead, they transported him to Turner Guilford Correctional Center ("TGK") for booking. Id. at ¶ 26. However, upon his arrival, TGK refused to accept Plaintiff and called fire rescue, which then transported Plaintiff to Jackson Memorial Hospital ("Jackson"). Id. at ¶ 27–28. Plaintiff was bleeding and sustained injuries to his jaw, face, lips, chest, arms, legs, and testicles, as well as well as psychological injuries. Id. ¶ 34. Once released from Jackson, Plaintiff was arrested and charged with aggravated assault on law enforcement, reckless driving, and driving with a suspended license. Id. at ¶ 29–30. Plaintiff was then transported back to TGK. Id. at ¶ 29.

Plaintiff later learned that the officers mistakenly believed that Plaintiff had almost hit Torres and Brutto with a car. Id. at ¶ 31. However, Plaintiff had not done so. Id. at ¶ 32. On December 31, 2013, all the charges against the Plaintiff were dismissed. Id. The charges brought against Plaintiff's wife were also dismissed. Id. at ¶ 33. Plaintiff, his wife, and "the witnesses attempted to file complaints with internal investigations", but the requests were "either ignored or denied." Id. at ¶ 39.

Based on these underlying allegations, Plaintiff brings the following two claims against Miami–Dade County (the "County"): (i) an excessive force claim under 42 U.S.C. § 1983 (Count I); and (ii) a state law claim for negligent training or instruction (Count IV). Plaintiff also brings a Section 1983 claim for excessive force against Torres (Count II) and Brutto (Count III), respectively. Brutto and Torres individually filed Answers to the Amended Complaint on May 22, 2017. D.E. 24, 25. The County filed the instant Motion on that same date. For reasons set forth below, the County's Motion is GRANTED.

## LEGAL STANDARD

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a

short and plain statement of the claim showing that the pleader is entitled to relief." While the Court must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw upon its judicial experience and common sense. *Id.* at 679, 129 S.Ct. 1937.

## ANALYSIS

### I. COUNT I: EXCESSIVE FORCE CLAIM PURSUANT TO 42 U.S.C. § 1983

The Plaintiff alleges that the County is responsible for Plaintiff's injuries because it had "policies, practices and customs" of allowing its officers to use excessive force. D.E. 21 ¶ 60. The County may be held liable under section 1983 for constitutional torts committed pursuant to an official policy or custom. *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690–691, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). Under *Monell*, a plaintiff must allege that the constitutional deprivation at issue was the result of "an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." *See Denno v. School Bd. of Volusia County Fla.*, 218 F.3d 1267, 1276 (11th Cir. 2004) (citations omitted). The policy requirement is designed to "distinguish acts of the *municipality* from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action *for which the municipality is actually responsible*." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 n.5 (11th Cir. 2003) (quotation omitted) (emphasis in original). "To hold the municipality liable, there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1271 (11th Cir. 2005) (internal citation omitted).

After examining the Amended Complaint, the Court finds the requisite pleading standards have not been met. The Amended Complaint contains no factual allegations whatsoever of an official policy or pattern or series of unlawful practices that could serve as grounds for imposing liability against the County. Instead, Plaintiff simply makes a conclusory allegation that the County "had a policy, custom or practice of allowing its police officers to use excessive force and was on notice of the propensity for excessive force and failed to proper[l]y investigate complaints."

D.E. 21 ¶ 52. *Perez v. Metro. Dade Cnty.*, 06–20341, 2006 WL 4056997, at *2 (S.D. Fla. Apr. 28, 2006) ("[T]he simple mention of a policy and/or custom is not enough, for a plaintiff must do something more than simply allege that such an official policy exists.") (internal citations omitted)). Plaintiff's only factual allegations are related to the incident in which he was involved, which falls markedly short of establishing the existence of an official policy or widespread custom. *See City of Oklahoma v. Tuttle*, 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (plurality) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*."); *Reyes v. City of Miami Beach*, No. 07-22680-CIV, 2007 WL 4199606, at *6 (S.D. Fla. Nov. 26, 2007) (dismissal warranted because "[i]n recounting only their own alleged incident, offering no other facts to support their claim that the City had an official policy or widespread custom that was directly responsible for their injuries...Plaintiffs have failed to raise their section 1983 claim against the City above the speculative level"); *Sanchez v. Miami–Dade Cty.*, 2007 WL 1746190 at *3 (S.D. Fla. Mar. 28, 2007) (granting the County's motion to dismiss because plaintiff presented only conclusory allegations that "the abuse to which the Plaintiff was subjected was not an isolated incident, and was consistent with the policy, custom, and practice of Miami–Dade County."); *Cummings v. Palm Beach Cty.*, 642 F.Supp. 248, 250 (S.D. Fla. 1986) (same). Accordingly, Plaintiff's Amended Complaint does not allege facts sufficient to support a finding that Plaintiff's alleged constitutional deprivation was the result of an official County policy or custom "that is so settled and permanent that it takes on the force of law." *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004); *see also, Rosario v. Miami–Dade County*, 490 F.Supp.2d 1213, 1255 (dismissing section 1983 claim against Miami–Dade County where plaintiff failed to allege facts capable of supporting the finding that the County's actions or omissions with respect to the incident in question were part of a "widespread practice rather than an isolated event."). Count I against the County, therefore, is dismissed with leave to amend.

## II. COUNT IV: COMMON LAW NEGLIGENT TRAINING OR INSTRUCTION LAIM [1]

■■■■ The County argues that Plaintiff's claim for negligent training or instruction must be dismissed because it is barred by the doctrine of sovereign immunity.[2] Under Florida law, "a governmental agency is immune from tort liability based upon actions that involve its 'discretionary' functions." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1266 (11th Cir. 2001). *See also* Fla. Stat. § 768.28. A discretionary function is one in which "the governmental act in question involved an exercise of executive or legislative power such that, for the court to intervene by way of tort law, it inappropriately would entangle itself in fundamental questions of policy and planning." *Cook ex rel. Estate of Tessier v.*

1. In its Motion, the County points out that Count IV's caption lists Juan J. Perez, Director of MDPD, rather than the County, and that all counts against Perez should be dismissed. In his Response (D.E. 26), Plaintiff explains that including Perez's name was a scrivener's error and requests leave to amend the caption. Given that the Court is dismissing Count IV on other grounds, this issue is moot.

2. The County also argues, in the alternative, that Count IV should be dismissed because Plaintiff's allegations are insufficient to state a claim upon which relief can be granted. Given the Court's finding that the County is protected by the doctrine of sovereign immunity, there is no need to address the County's alternative argument.

*Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1118 (11th Cir. 2005) (*quoting Henderson v. Bowden*, 737 So.2d 532, 538 (Fla. 1999) (citation and internal quotation marks omitted). "An 'operational' function, on the other hand, is one not necessary to or inherent in policy or planning, which merely reflects a secondary decision as to how those policies or plans will be implemented." *Id.* (citation and internal quotation marks omitted).

The Plaintiff alleges that the County "fail[ed] to properly train, instruct, oversee and/or manage [its] deputy sheriffs" and "failed to enact or implement sufficient policies and procedures to ensure against the use of excessive force by [its] officers in the line of duty." D.E. 21 ¶ 75–76. By alleging that the County failed "to enact or implement policies", Plaintiff's claim clearly implicates "fundamental questions of policy." Indeed, the Eleventh Circuit has specifically ruled that a municipality's "decision regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning." *Cook*, 402 F.3d at 1118 (*quoting Lewis*, 260 F.3d at 1266). Consequently, "the omissions that give rise to Plaintiff['s] negligent training...claim are 'discretionary' governmental functions from which the County is immune to tort liability." *Whitaker v. Miami–Dade County*, 126 F.Supp.3d 1313, 1330 (S.D. Fla. 2015) (*citing Lewis*, 260 F.3d at 1266; *Cook*, 402 F.3d at 1118). Thus, even if Plaintiff were granted leave to amend his claim, such an amendment would be futile in light of the County's argument regarding sovereign immunity. Count IV against the County is therefore dismissed with prejudice.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the County's Motion, D.E. 23, is GRANTED as follows:

(1) Count I of Plaintiff's Amended Complaint, D.E. 21, is DISMISSED WITHOUT PREJUDICE.

(2) Count IV of Plaintiff's Amended Complaint, D.E. 21, is DISMISSED WITH PREJUDICE.

(3) If Plaintiff elects to file an amended complaint, Plaintiff is cautioned that he must allege specific facts supporting his legal theories and such complaint must be filed no later than July 17, 2017.

It is further

ORDERED AND ADJUDGED that Defendant, Juan J. Perez, is DISMISSED from this action.

DONE AND ORDERED in Chambers in Miami, Florida, this 5th day of July, 2017.