Olen C. FAULK, Plaintiff-Appellant,

v.

CITY OF ORLANDO, Howard Jewett, Albert Nelson and Edward Hanna, Defendants-Appellees.

No. 83–3485
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 7, 1984.

---

Christopher A. Detzel, Orlando, Fla., for defendants-appellees.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

In this appeal, Olen C. Faulk challenges the dismissal of his *pro se* complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Construing his pleadings liberally, we conclude that although he failed to state a claim against the individual defendants, he succeeded in stating claims against the City of Orlando under Title VII, 42 U.S.C. § 2000e, and section 1981, 42 U.S.C. § 1981. Accordingly, we reverse the dismissal of his complaint with respect to the City.

## I. BACKGROUND

Appellant, a white male, was employed by the City of Orlando Waste Water and Sanitation Departments as a heavy equipment operator. Having been discharged following involvement in a number of accidents, appellant filed the present action against the City and three of its officials, alleging racial discrimination. In his original complaint, filed on February 10, 1982, appellant alleged that prior to discharge he had sought the positions of code inspector (a promotion) and helper (a demotion). He alleged racial discrimination in that he, unlike similarly situated black employees, had been denied consideration for the promotion and had been discharged instead of demoted. Under the heading "DISCRIMINATION STATEMENT," he declared:

I believe that I was discriminated against because of my race, White, inasmuch as:

1. Fred Butts, Black, Superintendent of the Neighborhood Improvement Department, denied me an interview for the position of Code Inspector but did interview Minority candidates.

2. In January 1981, and several times after that, I asked to be relieved of my duties as a driver or be transferred to another department. This was denied. Mr. James Evans, White, Safety Offi-

cer in Sanitation, also recommendd [sic] that I be taken off box units or be given some other kind of work.

3. Mr. Hampton, Black, truck driver, was allowed to drop back as a helper after he had accidents. I was not given this opportunity although I requested same. He was not discharged.

4. Mr. Hannibal, Black, truck driver, had accidents, lost his license to drive in Florida, and was allowed to drop back. He was not discharged.

Appellees filed a motion to dismiss under Rule 12(b)(6), asserting that appellant failed to allege a jurisdictional basis for the action, failed to state a claim against the individual defendants, and failed to state a claim against the City. Appellees also filed a motion to strike under Rule 12(f), arguing that the allegations with respect to the positions of code inspector and helper should have been set forth in separate counts pursuant to Rule 10(b) and were immaterial to appellant's discriminatory discharge claim. After a brief hearing, the district court dismissed the complaint without prejudice and with leave to amend.

In his first amended complaint, filed on November 15, 1982, appellant properly alleged jurisdictional bases under Title VII and section 1981. His factual allegations, however, were limited to general allegations of racially discriminatory discharge, an allegation of unlawful retaliation on appellees' part and an allegation of appellees' failure to follow established personnel practices. In their Rule 12(b)(6) motion, appellees renewed their assertion that appellant's allegations should have been set forth in separate counts, asserted that the complaint failed to state a claim against the named defendants inasmuch as they were not "employers" under Title VII, were not named in the EEOC charge and were not implicated in purposeful discrimination by the factual allegations, and asserted that the complaint failed to state a claim against the City inasmuch as there was no allegation of disparate treatment. After another brief hearing, the district court again dismissed without prejudice and with leave to amend, urging appellant to "set forth the facts surrounding his termination which he feels gives rise to his claims [and] to state exactly what each of the Defendants named in the complaint did which he feels violated his rights."

In his second amended complaint, filed on April 4, 1983, appellant realleged jurisdiction; his factual allegations were limited to a general allegation of racial discrimination, an allegation of retaliation, allegations of harassment and neglect on the individual defendants' part and an allegation of noncompliance with established policies and procedures. Appellees moved to dismiss on essentially the same grounds, and the district court dismissed the complaint with prejudice, noting the absence of specific factual allegations of racial discrimination.

## II. STANDARD OF REVIEW AND SCOPE OF THE COMPLAINT

In *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. Unit A 1981), the predecessor of this court succinctly stated the standard applicable in this case:

In testing the sufficiency of a ... complaint it must be remembered that the complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The allegations of the complaint, especially a *pro se* complaint, must be read in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972), and they must be accepted as true in testing their sufficiency, *Haines v. Kerner, supra, Cruz v. Beto, supra.* A ... *pro se* complaint "however inartfully pleaded" must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble,*

**790**

429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

651 F.2d at 367–68; *see also Pace v. Evans,* 709 F.2d 1428, 1429 (11th Cir.1983) ("a *pro se* ... complaint is governed by 'less stringent standards than formal pleadings drafted by lawyers' ").

■ Implicit in appellees' arguments is the assumption that in order to reverse the district court's order dismissing with prejudice, we must determine that appellant's second amended complaint alone, not his original complaint as twice amended, states a claim on which relief can be granted. We reject this assumption and conclude that for purposes of sufficiency review, appellant's complaint encompasses the initial submission and the first effort to amend as well as the second effort to amend. Our conclusion rests on three grounds. First, an expansive view of the complaint's scope is consistent with the established rule of liberal construction for *pro se* pleadings; it enables us to answer the central question whether appellant can possibly prove a set of facts in support of his claim which would entitle him to relief. Second, to the extent that an expansive view reflects the notice given appellees in this case, it addresses the concern underlying sufficiency analysis with defendants' having fair notice of the claims against them. Third, the record suggests that appellant intended his original complaint and subsequent amendments to be considered together. For instance, in his first amended complaint, he mentioned a document "attached to original complaint and made a part thereof," as if to incorporate both by reference, and at the hearing on appellees' motion to dismiss the first amended complaint, appellant, in response to defense counsel's assertion that no specific allegations had been made, stated, "I believe this attorney doesn't have all the factual papers before him because there were specific charges made," presumably referring to the original complaint. For these reasons, reversal would be in order if the three pleadings, taken together, state a claim for relief.

## III. CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

■ Nowhere in his pleadings did appellant allege any action by the individual defendants based on appellant's race which could be characterized as purposeful discrimination violative of Title VII or section 1981. Indeed, the factual allegations against the individual defendants, which appear in appellant's second amended complaint, merely recount ill treatment at their hands without reference to discriminatory intent. And, of course, there was no disparate impact claim. Because it does not contain any allegation of racial discrimination on the named defendants' part, appellant's complaint, as amended, fails to state a claim against them. *See International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); *McDonald v. Santa Fe Trail Transportation Co.,* 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976). Accordingly, we hold that the district court did not err in dismissing the complaint with respect to the three City officials.

## IV. CLAIMS AGAINST THE CITY

■ Although appellant's original complaint lacks the requisite jurisdictional bases and his subsequent amendments lack specific allegations of racial discrimination, together his pleadings are sufficient to state claims against the City under both Title VII and section 1981. Specifically, he alleged disparate treatment in connection with the City's denying him an opportunity to interview for the position of code inspector and the City's discharging him instead of allowing him "to drop back as a helper after he had accidents." With respect to both actions, appellant plainly alleged that similarly situated blacks had not been similarly treated. Given that the appellant also established proper jurisdictional bases, we conclude that his complaint, as amended, does not fail to state claims against the City and, therefore, hold that the district court erred in dismissing the complaint with respect to the City.

In so holding, we reject appellees' contention that "the plaintiff's complaint total-

ly fails to comply with fair notice pleading," for his original complaint provides "fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley*, 355 U.S. at 47, 78 S.Ct. at 103, regardless of whether his second amended complaint is adequate in this regard. From appellant's three pleadings, it is readily apparent that he is white, that he was employed by the City as a heavy equipment operator, that he was discharged from that position and that he alleges that miniority employees, unlike himself, were interviewed for alternative positions and were given alternative positions rather than being discharged for similar transgressions. As the Supreme Court pointed out in *Conley*, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim," *id.*, that is, a plaintiff need not prove his whole case in his complaint.

We note finally that the district judge exhibited great patience in dealing with the unschooled suitor in this case. In our opinion, however, her ultimate disposition of his complaint was not entirely correct.

For the foregoing reasons, the judgment of the district court is AFFIRMED IN PART, REVERSED IN PART, and RE-MANDED.