[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13977
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-02724-MSS,
Bkcy No. 8:16-bk-07504-RCT

In re: RODERICK O. FORD,

Debtor.

_____

RODERICK O. FORD,

Plaintiff-Appellant,

versus

JON M. WAAGE,
Chapter 13 Trustee,
FLORIDA DEPARTMENT OF REVENUE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 10, 2021)

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Roderick Ford, a bankruptcy attorney and *pro se* debtor under Chapter 13 of the United States Bankruptcy Code, appeals the district court's order affirming the bankruptcy court's orders: (1) declining to reconsider dismissing Ford's Chapter 13 case and (2) refusing to vacate the dismissal. After careful consideration, we affirm.

## I.    BACKGROUND

Roderick Ford filed for Chapter 13 bankruptcy in August 2016, submitting a bankruptcy petition and Chapter 13 plan to the bankruptcy court. The Florida Department of Revenue, relying on state family court judgments, filed a proof of claim identifying unpaid domestic support obligations. Ford objected to the Department's claim. Following a hearing, the bankruptcy court ruled that Ford was entitled to a maximum credit of $1,700 per month for actual support payments made and deferred a final ruling to allow a state court to determine the amount of any credit or offset. Ford had not resolved the issue by August 9, 2017, when the bankruptcy court continued a scheduled confirmation hearing for the purpose of allowing Ford to return to state court. Ford filed several motions challenging the bankruptcy court's ruling that were denied. The district court affirmed, and the bankruptcy court scheduled another confirmation hearing, this time for July 31, 2019.

Before the district court affirmed, Ford filed his first amended Chapter 13 plan. This plan would have required the bankruptcy court to calculate the amount of Ford's domestic support obligations. At his July confirmation hearing, Ford acknowledged that "the [p]lan, as written, can't be [confirmed]." The bankruptcy court denied confirmation and gave Ford a 14-day deadline to file an amended plan, stating that failure to do so would result in the case "being dismissed or converted, as appropriate." The court entered an order formalizing its ruling on August 7 that contained three relevant provisions: (1) that Ford "shall file an Amended Plan within fourteen (14) days (on or before August 14, 2019);" (2) that "[i]n the event [Ford] fails to file an Amended Plan on or before August 14, 2019 as herein provided, the Trustee may submit an order dismissing this case, without further notice or hearing;" and (3) that "[i]n the event [Ford] timely files an Amended Plan, on or before August 14, 2019, the Trustee will submit a separate order setting a final confirmation hearing for October 23, 2019 at 11:00 a.m."

Despite Ford's presence at the July confirmation hearing and service with the bankruptcy court's order on August 8, he failed to file a timely amended Chapter 13 plan. On August 19, the bankruptcy court dismissed the case without prejudice. Ford moved for reconsideration the next day, arguing that he was authorized to amend until October 23, and in the alternative that his failure to timely file was due to excusable neglect. He also filed a second amended plan on August 22. Like the plans

before it, this plan contemplated that the bankruptcy court would calculate the amount of Ford's domestic support obligations. The Department opposed Ford's motion for reconsideration and moved in the alternative for dismissal in case of reinstatement.

The bankruptcy court denied the motion for reconsideration. It concluded that Ford had not shown excusable neglect, that the untimely second amended plan suffered from the same defects as previous plans and could not be confirmed, and that dismissal was proper based on "the delay and prejudice to creditors." Ford next moved to vacate the dismissal, and the bankruptcy court declined to do so on the same grounds. On appeal, the district court held that the bankruptcy court acted within its discretion and affirmed. Ford filed motions for recusal of the district judge, reconsideration of its order affirming, and vacatur of the same. After his motions were denied, Ford timely appealed to this Court.

## II.     STANDARDS OF REVIEW

In an appeal from a bankruptcy proceeding, "we independently examine the bankruptcy court's factual and legal determinations, applying the same standards of review as the district court." *Coady v. D.A.N. Joint Venture III, L.P. (In re Coady)*, 588 F.3d 1312, 1315 (11th Cir. 2009). That means that we "review the bankruptcy court's factual findings for clear error and its resolution of any legal questions *de novo*." *Id.* Finally, when an originating court's judgment "is based on multiple,

independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Thus, "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the [originating] court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*

## III.     DISCUSSION

As an initial matter, Ford has waived arguments to many of the district court's orders. This Court usually follows an "established rule of liberal construction for *pro se* pleadings." *Faulk v. City of Orlando*, 731 F.2d 787, 790 (11th Cir. 1984). Because Ford is a "veteran bankruptcy attorney" who is "familiar with the federal bankruptcy rules, the federal bankruptcy code, and local practice in the Middle District of Florida," however, we accord him no such advantage. *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1. (5th Cir. 1977). Ford's notices of appeal designate the district court's orders denying his motions for recusal, reconsideration, and to reopen the case. Ford's brief, however, is confined to the issue of the district court's order affirming the bankruptcy court and makes no arguments concerning recusal, reconsideration, or reopening. "We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo*, 739 F.3d at 681. Thus, Ford has

waived any arguments as to those orders on appeal. Likewise, the district court correctly held that Ford had abandoned any arguments regarding the bankruptcy court's denial of his motion to strike by not including those arguments in his brief.

Ford's challenge to the bankruptcy court's order declining to reconsider dismissing his petition fares no better.

"To proceed under Chapter 13, a debtor must propose a plan to use further income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank,* 575 U.S. 496, 498 (2015). *see* 11 U.S.C. § 1321. A Chapter 13 plan must "provide for the full payment, in deferred cash payments," of domestic support obligations unless the holder of the claim agrees otherwise. 11 U.S.C. §§ 507(a)(1)(A), 1322(a)(2). We have made clear that a bankruptcy court cannot "fix a debtor's personal liability for child-support [or alimony] through rulings on a claim objection or confirmation of a Chapter 13 plan." *Fla. Dep't of Revenue v. Diaz (In re Diaz)*, 647 F.3d 1073, 1092 n.16 (11th Cir. 2011) (concluding that "[f]ederal bankruptcy courts have no business becoming embroiled in state domestic relations to such a degree" as to "result in de facto modification of state child-support orders"). Section 1323(a) permits a debtor to "modify the plan at any time before confirmation," but forbids modification if "the plan as modified fails to meet the requirements of section 1322 of this title." 11 U.S.C. § 1323(a).

6

Section 1307 permits a bankruptcy court, "on request of a party in interest or the United States trustee and after notice and a hearing," to dismiss a Chapter 13 case "for cause." 11 U.S.C. § 1307(c). Cause includes, among other things, "unreasonable delay by the debtor that is prejudicial to creditors," "failure to file a plan timely," and "denial of confirmation of a plan . . . and denial of a request made for additional time for filing another plan or a modification." 11 U.S.C. § 1307(c)(1), (3), (5).

When the bankruptcy court ruled that it would neither reconsider nor vacate its order dismissing Ford's Chapter 13 case, it provided three independent and alternative grounds for that conclusion. First the bankruptcy court held that Ford's stated grounds for not filing an amended plan by the court's August 14, 2019, deadline did not constitute excusable neglect. Second, the bankruptcy court analyzed Ford's untimely filed second amended plan and determined that it was not confirmable for the same reason as his previous plans: it would have improperly required the court to calculate the amount of state domestic support obligations. Lastly, the court considered the Department's "alternative motion to dismiss and ruled that even if the case were reinstated, the delay and prejudice to creditors warranted a dismissal under 11 U.S.C. § 1307(c)(1)."

Each of these grounds would have been independently sufficient to support the bankruptcy court's denial of Ford's motions for reconsideration and vacatur given the court's power under section 1307(c) to dismiss Chapter 13 cases "for

cause." Ford's Chapter 13 case had been proceeding for almost three years, the full term of the first amended plan, and in that time, he had been unable to resolve his dispute with the Department regarding domestic support obligations either through agreement or determination by a state court. The bankruptcy court correctly explained that, under this Court's precedent and given the parties' inability to agree, "[t]he bottom line is [that Ford] simply cannot confirm a chapter 13 plan until he resolves the dispute with FLDOR, and he cannot resolve his dispute with FLDOR until he returns to state court." *See In Re Diaz*, 647 F.3d at 1092 n.16. The plain language of section 1307(c) empowers bankruptcy judges to dismiss when, as the bankruptcy court put it, debtors "languish in chapter 13 by filing unconfirmable plans and thus hold [their] creditors at bay for years."

In light of the bankruptcy court's independent, alternative grounds, Ford must "convince us that every stated ground for the judgment against him is incorrect" to prevail on appeal. *Sapuppo*, 739 F.3d at 680. But, before this Court, Ford has only repeated the two arguments he advanced before the district court and the bankruptcy court below: that section 1323 allowed him to file at any time before confirmation, which he asserts was set at October 23, 2019, and that any error on his part regarding the filing deadline was excusable neglect. He failed to address the bankruptcy court's alternative grounds: the confirmability of the second amended plan and the Department's motion to dismiss. Thus, Ford has abandoned any challenge to "one

8

[or more] of the grounds on which the [bankruptcy] court based its judgment" and "it follows that the judgment is due to be affirmed. *Id.*

## IV.    CONCLUSION

**AFFIRMED.**